IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| LISA RAINES TINGLE, )<br> )<br>Petitioner, )<br> )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br> )<br>Respondent. ) | 1:16CV1328<br>1:14CR454-4 |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Lisa Raines Tingle has brought an amended motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Docket Entries 133 and 135.) In January of 2015, Petitioner pled guilty in this Court to conspiracy to possess pseudoephedrine with the intent to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(c)(1) and 846. (Docket Entries 1, 48, 49; Minute Entry 1/22/2015.) In April of 2015, Petitioner was sentenced to 48 months of imprisonment and three years of supervised release. (Docket Entry 98; Minute Entry 4/22/2015.) Petitioner did not file a direct appeal, but instead filed a motion seeking the appointment of counsel so that appointed counsel could "review [her] sentence under Rule 35." (Docket Entry 115.) Petitioner then filed her motion pursuant to § 2255, which she later amended. (Docket Entries 133 and 135.) The Government has filed a Response (Docket Entry 137) and Petitioner was notified of her right to reply (Docket Entry 138); however, no reply was filed and the time to do so has long since expired. The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

## Petitioner's Grounds

Petitioner raises several grounds for relief. In her initial § 2255 motion, Petitioner asserts that counsel was ineffective at sentencing for failing to (1) present evidence of her good character and familial circumstances (Docket Entry 133, Ground One), (2) tell the Court about her successes in drug treatment (*Id.*, Ground Two), (3) challenge the weight of the pseudoephedrine attributed to her in the presentence report (*Id.*, Ground Three), and (4) seek a sentence reduction (*Id.*, Ground Four). In her amended § 2255 motion, Petitioner claims that Amendment 794 to the advisory sentencing guidelines should apply to her retroactively and that she should receive a sentence reduction for a mitigating role as a minor participant. (Docket Entry 135.) Petitioner further requests this sentence reduction pursuant to 18 U.S.C. § 3582(c). As explained below, none of these grounds warrant any form of relief.

## Discussion

The grounds set forth in Petitioner's motions brought pursuant to § 2255 fail for several reasons. First, Petitioner's grounds are time-barred. Petitioner's grounds for relief are subject to the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104–132 ("AEDPA"). 28 U.S.C. § 2255(f). Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where, as here, no direct appeal is filed, the conviction becomes final when the time to file a notice of appeal expires. *Clay v. United States*, 537 U.S. 522 (2003). Judgement was entered against Petitioner here on May 20, 2015 (Docket Entry 98) and the time for filing an appeal expired fourteen days later in early June of 2015. *See* Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within 14 days of the entry of judgment). Because Petitioner did not pursue

a direct appeal, her criminal conviction became final in early June of 2015 and she therefore had until early June of 2016 to file her § 2255 motion.  Given that she did not file her initial § 2255 motion until November of 2016 it is approximately five months late.  Petitioner's motion, as amended, is therefore out of time under Subparagraph (1) and Petitioner must rely on another provision of 28 U.S.C. § 2255(f) to avoid having her motion barred by the statute of limitations.  However, Petitioner does not invoke and, the Court has no reason to believe, that subsections (f)(2)-(f)(4) are applicable here.  Consequently, Petitioner's motion brought pursuant to § 2255, as amended, is untimely.[1]

Second, there is an additional and even more fundamental problem as to all of Petitioner's grounds for relief.  That is because where a prisoner completes her sentence during the pendency of the § 2255 motion, she must be able to show "some concrete and continuing injury other than the now-ended incarceration (or parole)—some 'collateral consequence' of the conviction—if the suit is to be maintained." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998).  Here, Petitioner only challenges her term of imprisonment and not her conviction, nor her period of supervised release.  Petitioner completed her term of imprisonment on May 25, 2018.

---

[1] The only potential exception to the time-bar is Petitioner's allegation that Amendment 794 is retroactively applicable.  (Docket Entry 135, Ground One.)  As explained below, however, all of Petitioner's claims, including this one, are moot.  Moreover, courts which have addressed this issue have concluded that a claim seeking the retroactive application of Amendment 794 is not cognizable in a § 2255 proceeding.  *See, e.g.*, *Ross v. United States*, No. 2:13-CR-00214, 2019 WL 2527369, at *3-4 (S.D.W. Va. May 28, 2019), *report and recommendation adopted*, 2019 WL 2537411 (S.D.W. Va. June 18, 2019).  Beyond this, "Amendment 794 cannot be given retroactive effect in a § 3582(c)(2) proceeding." *United States v. McNeill*, 671 F. App'x 67, 68 (4th Cir. 2016).  Consequently, even if considered a timely filed § 3582(c)(2) motion, and even assuming such a request were not moot, Petitioner's request for relief as to Amendment 794 would still fail.

(*See* http://www.bop.gov/inmateloc/.) Therefore, her grounds for relief—including her request for a shorter period of incarceration under 18 U.S.C. § 3582(c)(2)—are all moot.[2]

### "Request for Reinstatement of Council"

As noted, Petitioner also filed a motion seeking the appointment of counsel so that appointed counsel could "review [her] sentence under Rule 35." (Docket Entry 115; *see also* Docket Entry 116.) The Court will deny this motion. A Rule 35(b) motion implicates a sentence reduction and must be initiated by the Government, not Petitioner. Fed. R. Crim. P. 35(b). More importantly, since Petitioner is no longer incarcerated, her request for the appointment of counsel to review the applicability of Rule 35(b) in this case is moot.[3]

### Conclusion

For the reasons set forth above, none of Petitioner's grounds warrant relief.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion seeking the appointment of counsel to "review [her] sentence under Rule 35" (Docket Entry 115) be **DENIED**, that Petitioner's Motion to vacate, set aside or correct sentence, as amended (Docket Entries 133, 135), be **DISMISSED**, or in the alternative **DENIED**, and that judgment be entered dismissing the action.

_____
Joe L. Webster
United States Magistrate Judge

September 9, 2019
Durham, North Carolina

---

[2] Beyond that, even if Petitioner's grounds for relief were not time-barred or moot, they would all fail on the merits for the reasons set forth in the Government's response. (Docket Entry 137.)

[3] Petitioner filed a separate motion in June of 2019 seeking early termination of her supervised release, which the Court recently denied. (Docket Entries 153, 156.)

4